In the Matter of the Accounting of EDGAR F. LUCKENBACH, as Trustee under the Will of LEWIS LUCKENBACH, Deceased. PHILLIP BARNETT et al., as Assignees and Trustees of LEWIS LUCKENBACH, Appellants; EDGAR F. LUCKENBACH, JR., et al., Respondents.— Motion referred to the court that rendered the decision of May 4, 1953 (281 App. Div. 595). Present — Adel, Acting P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ. Motion by appellants to resettle order, or in the alternative for leave to reargue or for leave to appeal to the Court of Appeals, and for other relief. Motion denied, without costs. The corpus of the trust involved in this appeal amounted, in 1908, to $392,152.50. All income from the trust, except certain payments with which we are not presently concerned, was to be paid to the deceased trustee personally, so that the trustee was accountable to appellants only for the principal committed to his care, plus any capital gains realized thereon. His representative has been held accountable for a trust corpus valued at $2,820,131.06, which figure represents the value placed on the trust assets by the respondent executor, as of April 26, 1943, the date of the trustee's death, together with a slight increase added by the Referee, with the executor's consent. This court has determined that in 1918 the trustee invested the trust assets, then valued at $2,494,082.87, in stock of the Luckenbach Steamship Co., Inc., and that by virtue of such investment appellants were entitled, at their option as of the date of the trustee's death, to their proportionate share of 13.608% of the stock of that company, even though it had been asserted that the investment of the trust assets in corporate stock would have been unauthorized. However, the accounts disclosed that appellants had received, without prejudice to their claims, cash payments in the sum of $850,000 "in partial distribution of the remainder" of the trust. It was contended on this appeal that even if appellants ever had the option to demand stock, they had waived that right by accepting and retaining such payments and had elected to receive the cash value of the assets invested therein, plus the capital gains thereon with which the respondent executor had charged himself. This court held, in effect, that while there had been no irrevocable election, appellants could not retain the cash payments which they had received, and at the same time demand that the trustee's representative deliver shares of stock in satisfaction of their remainder interest. Appellants did not contend to the contrary. On the hearings before the Referee they had stated, "If we get the stock, we are not entitled to cash, and

we will turn it back." A similar concession was made on this appeal. The respondent executor was accountable at appellants' election either for stock or for the cash value of the assets invested therein. He has held himself and has been held accountable, by the decree appealed from, for assets of considerably greater value than those invested in the steamship company. Although we did not entirely agree with the conclusions reached by the learned Official Referee, as recited in the decree appealed from, we were agreed that appellants were not aggrieved thereby, unless they should elect to enforce their claim to corporate stock. Consequently, this court determined that the decree appealed from should be affirmed unless appellants should stipulate to return the cash payments which they had received. We are now informed that appellants have not so stipulated, and will not do so. In determining this appeal we indicated the extent to which we disagreed with the Official Referee's findings and conclusions. Since we approved the ordering paragraphs of the decree, however, in the event that appellants should not stipulate to return the cash payments, there was no occasion at that time for a modification, and there is no occasion now for a resettlement of our order for that purpose. The decree of the Surrogate's Court, insofar as appealed from, is therefore affirmed, unconditionally, as provided in our order of May 4, 1953, and an order may now be entered accordingly. If the account directed to be filed by the decree appealed from has not been filed, the order to be entered hereon may direct the filing of such account, together with a petition for the judicial settlement thereof within twenty days from the date of such order. Present — Nolan, P. J., Adel, Wenzel, MacCrate and Beldock, JJ.